IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ARNAUD BABELLO MAHOUKOU, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 7:14-CV-50-HL-MSH |
| | : | 28 U.S.C. § 2241 |
| FELICIA SKINNER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## **RECOMMENDATION OF DISMISSAL**

Presently pending before the Court is Respondents' supplemental motion to dismiss, filed on June 27, 2014.[1] (ECF No. 13.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus 11-13, ECF No. 1.) Along with the motion to dismiss, Respondents filed a copy of the Order of Supervision (Suppl. Mot. to Dismiss Ex. A, ECF No. 13-1) showing that Petitioner was released on supervised release on June 26, 2014. Because of Petitioner's release, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Suppl. Mot. to Dismiss 1-2, ECF No. 13.) The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a

---

[1] Prior to Petitioner's release on supervised release, Respondents filed a motion to dismiss Petitioner's application for habeas relief on the merits of his claim. (ECF No. 9.) Since Petitioner has now been released, it is recommended that Respondents' initial motion to dismiss be denied as moot.

legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. (Pet. for Writ of Habeas Corpus 13.) Petitioner has been released from the physical custody of ICE. (Suppl. Mot. to Dismiss Ex. A.) Furthermore, Petitioner is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition. *See Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011); *see also* Suppl. Mot. to Dismiss Ex. A. Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Supplemental Motion to Dismiss (ECF No. 13) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudice to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Respondents' initial motion to dismiss (ECF No. 9) should be denied as moot. Likewise, Petitioner's motion for appointment of counsel (ECF No. 8) should be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this

recommendation.

    SO RECOMMENDED, this 31st day of July, 2014.

                                          S/Stephen Hyles
                                          UNITED STATES MAGISTRATE JUDGE